GOVERNOR — APPOINTMENT OF MEMBER OF BOARD OF AM REGENTS — INCUMBENT MEMBER CONTINUES TO ACT WHEN NEWLY APPOINTED MEMBER NOT CONFIRMED BY SENATE Where the Governor appoints an individual while the Legislature is in session to succeed an incumbent member of the Board of Regents for Oklahoma Agricultural and Mechanical Colleges and Schools upon expiration of that incumbent's term of office, without a vacancy occurring in the office, and the Legislature adjourns without Senate confirmation of such appointment, such individual is not entitled, under Article VI, Section 31a and Article XXIII, Section 10 of the Oklahoma Constitution, to serve as a member of the Board. The incumbent member, who would have been replaced by such successor, continues, by virtue of Article XXIII, Section 10 of, to perform the duties of that office until such time as a successor is duly qualified. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Where the Governor appoints an individual to serve as a member of the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges and Schools and such appointment is made while the Legislature is in session but the Legislature adjourns without the Senate having confirmed such appointment, can the individual legally serve as a member of the Board? 2. If the answer to Question No. 1 is in the affirmative, at what point in time does the individual assume the duties of a member of the Board of Regents? 3. If the answer to Question No. 1 is in the negative, does the incumbent member of the Board who would have been replaced by such appointment, continue to serve as a member of the Board even though the term of office for which he was appointed and confirmed has expired? 4. If the answer to Question No. 3 is in the affirmative, how long does such incumbent member continue to serve as a member of the Board of Regents ? Concerning the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges and Schools, Article VI, Section 31a of the Oklahoma Constitution provides, in part, as follows: "There is hereby created a Board of Regents for the Oklahoma Agricultural and Mechanical College and all Agricultural and Mechanical Schools and Colleges maintained in whole or in part by the State. The Board shall consist of nine (9) members, eight (8) members to be appointed by the Governor by and with the advice and consent of the Senate, a majority of whom shall be farmers, and the ninth member shall be the President of the State Board of Agriculture. . . ." It is clear from the above constitutional provision that an appointment by the Governor to the Board must be confirmed by the Senate. Concerning the extension of the term of office of any public official and the failure of any successor thereto to qualify, Article XXIII, Section 10 of the Oklahoma Constitution provides as follows: ". . . Nor shall the term of any public official be extended beyond the period for which he was elected or appointed: Provided, that all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." (Emphasis added) Under this constitutional provision an incumbent officer would continue to perform the duties of the office after the expiration of his term until his successor is duly qualified. Thus, in order to answer your first question we must determine whether or not the successor appointed by the Governor is duly qualified in the absence of Senate confirmation of such appointment. In the case of Coyle v. Smith, 28 Okl. 121, 113 P. 944 (1911), the Oklahoma Supreme Court dealt with what is meant in Article XXIII, Section 10 by the language "duly qualified". Concerning that language of Article XXIII, Section 10, the Court in Coyle v. Smith, supra, stated at page 947 of the opinion as follows: "The proviso that all officers within this state shall continue to perform the duties of their office until their successors shall be duly qualified does not enlarge on what goes before in said section, but is intended to cover exigencies arising from a failure in an election or appointment, or after an election or appointment being had or made the officer fails to qualify, in which event the incumbent of such office should hold until such qualification was made, showing, the abhorrence of the framers of the Constitution from bringing about an interregnum. The terms of the members of the Lower House and of the short-term Senators of the First Legislature having expired on the 15th day after the regular state election in November, 1908, their successors having been duly elected in such state election, when they took the oath of office prescribed by Article XV, Section 1 of the Constitution, were duly qualified and succeeded to such office, . . ." It is clear from the foregoing, that the Court in Coyle v. Smith, supra, considered the phrase "duly qualified", contained in Section 10 of Article XXIII, to mean a properly elected or appointed successor to an office who has taken the oath of office prescribed by Article XV, Section 1 of the Oklahoma Constitution. Concerning a successor to a member of the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges and Schools, appointed during the legislative session, it would follow that under Article VI, Section 31a of such individual's appointment would have to be confirmed by the Senate before such individual is even eligible to take the oath of office. Thus, under those circumstances, such individual could not serve as a member of the Board of Regents. In view of the answer to your first question, we do not reach your second question. Concerning your third and fourth questions it is clear from the provisions of Article XXIII, Section 10 of the Oklahoma Constitution and the decision of the Supreme Court in Coyle v. Smith, supra, that the incumbent member, who would have been replaced had the successor been "duly qualified", does continue to perform the duties of that office, until a successor is in fact "duly qualified." This opinion only applies to the situation where a proposed successor is appointed while the Legislature is in session and such successor fails to qualify. No opinion is expressed herein concerning situations where a vacancy in office occurs, or a successor is appointed when the Legislature is not in session. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Where the Governor appoints an individual while the Legislature is in session to succeed an incumbent member of the Board of Regents for Oklahoma Agricultural and Mechanical Colleges and Schools upon expiration of that incumbent's term of office, without a vacancy occurring in the office, and the Legislature adjourns without Senate confirmation of such appointment, such individual is not entitled, under Article VI, Section 31a and Article XXIII, Section 10 of the Oklahoma Constitution, to serve as a member of the Board. The incumbent member, who would have been replaced by such successor, continues, by virtue of Article XXIII, Section 10, to perform the duties of that office until such time as a successor is duly qualified. (GERALD E. WEIS) (ksg)